IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MITCHELL WOODALL,

    Plaintiff,

v.

LIBERTY MUTUAL GROUP, INC., d/b/a
LIBERTY MUTUAL INSURANCE,

    Defendant.

## NOTICE OF REMOVAL

Defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual" or "Defendant"), erroneously identified as Liberty Mutual Group, Inc. d/b/a Liberty Mutual Insurance, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the First Judicial District, County of Santa Fe, State of New Mexico, Case No. D-101-2017-01727, to the United States District Court for the District of New Mexico, and states as follows:

### I.    INTRODUCTION

1.    On June 23, 2017, Plaintiff, Mitchell Woodall ("Plaintiff" or "Woodall"), commenced this action by filing his Amended Complaint for Uninsured/Underinsured Motorist Benefits in the First Judicial District, County of Santa Fe, State of New Mexico, Case No. D-101-2017-01727 against Defendant. *See* Plaintiff's Amended Complaint along with other documents served upon Defendant, attached hereto as Exhibit A.

2.    According to the Complaint, on or about August 6, 2016, Plaintiff was involved in a motorcycle/motor vehicle accident on NM State Road 22 at approximately Milepost # 5.5 in New Mexico ("motor vehicle accident"). According to the Complaint, Plaintiff was operating his

motorcycle at the time of the accident while the other driver was operating a vehicle. A claim was made against the other driver under the Liability portion of the policy and Plaintiff received $4,100 from the other driver's insurance company. *Id.*, ¶¶ 3, 5, 19.

3. Plaintiff claims that he sustained personal injuries, damage and loss, including but not limited to, past and future medical expenses, permanent loss of function, emotional distress, loss of ability to enjoy life and participate in hobbies and recreational activities, pain and suffering, discomfort, inconvenience and other damages. *Id.*, ¶ 6.

4. Plaintiff also alleges that the driver of the other vehicle was driving at a recklessly high rate of speed calculated to be 102 MPH in a 55 MPH zone when she lost control of her car sliding into Plaintiff's motorcycle. *Id.*, ¶ 7. Plaintiff seeks punitive damages against Liberty Mutual based upon the underinsured motorist driver's alleged "outrageous and reckless conduct." *Id.*

5. Liberty Mutual issued two policies of insurance to Plaintiff. *See* Complaint.

6. Liberty Mutual issued an automobile policy ("Auto Policy") providing $100,000 each person / $300,000 each accident under the Liability portion of the Policy and Uninsured/Underinsured Motorists coverage (UM/UIM) in the amount of $25,000 each person /$50,000 each accident. Two vehicles were insured under the Auto Policy. Plaintiff seeks reformation of the Auto Policy to provide stacked limits of $200,000 UM/UIM coverage. *Id.*, ¶¶ 11-13, 18.

7. Liberty Mutual issued a motorcycle policy ("Motorcycle Policy") providing $100,000 each person / $300,000 each accident under the Liability portion of the Policy. The Declaration sheets noted that UM/UIM was rejected. Two motorcycles were insured under this

Policy. Plaintiff seeks reformation of the Motorcycle Policy to provide stacked limits of $200,000 UM/UIM coverage. *Id.*, ¶¶ 14-17, 18.

8. Plaintiff alleges that following the motor vehicle accident, a claim for benefits was made under the Policies of insurance but Defendant has failed to tender the undisputed value of the case in violation of New Mexico law. *Id.*, ¶ 22.

9. Plaintiff asserts a single claim for UIM benefits against Liberty Mutual (Count II). *Id.* at pages 2-5.

## II. DIVERSITY JURISDICTION

10. In his Complaint, Plaintiff asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

### A. Complete Diversity of Citizenship Exists.

12. As alleged in his Complaint, Plaintiff is a resident of Edgewood, Santa Fe County, New Mexico. *See* Complaint ¶ 1.

13. Liberty Mutual issued, Liberty Mutual is a foreign insurer incorporated in Massachusetts. *Id.*, ¶ 2, 28 U.S.C. § 1322(c)(1).

14. For purposes of federal diversity jurisdiction, the parties are completely diverse.

### B.     **The Amount in Controversy Exceeds $75,000.**

15. Although Defendant contests the claims asserted, Plaintiff seeks a monetary judgment against Defendant that, upon information and belief, exceeds $75,000. Specifically, Plaintiff seeks $400,000 in stacked UIM coverage. Upon information and belief, Plaintiff recovered $4,100 from the liability carrier insuring the underinsured motorist. After applying the statutory offset, Plaintiff presumably seeks the remaining $395,900 under the combined Policies issued by Liberty Mutual. *See for example McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) (a court may examine documentation beyond the complaint as a basis for determining the amount in controversy). *See* Complaint.

16. Plaintiff alleges that he sustained substantial physical injuries and punitive damages to support his UIM claim. *See* Complaint. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.     VENUE

18. Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

### IV.     COMPLIANCE WITH THE RULES

19. All procedural requirements related to the removal of this action have been satisfied.

20. True and correct copies of "all process, pleadings, and orders served upon" Defendant in the state court action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a), D.N.M.LR-Civ. 81.1(a).

21. Defendant is timely in filing this Notice of Removal within thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth claims for relief. *See* 28 U.S.C. § 1446(b), Exhibit A.

22. Defendant has filed a Notice of Filing of Notice of Removal in the pending state court action in the First Judicial District, County of Santa Fe, State of New Mexico, Case No. D-101-2017-01727, which is attached hereto as Exhibit B. *See* 28 U.S.C. § 1446(a).

23. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff as specified in the certificate of service. 28 U.S.C. § 1446(d). Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein and specifically reserves its right to assert all defenses.

WHEREFORE, Defendant, Liberty Mutual Fire Insurance Company erroneously identified as Liberty Mutual Group, Inc. d/b/a Liberty Mutual Insurance, respectfully requests that the action now pending in the First Judicial District, County of Santa Fe, State of New Mexico, Case No. D-101-2017-01727, be removed therefrom to this Court and that all further proceedings be had in this Court.

Respectfully Submitted,

**ALLEN LAW FIRM, LLC**

/s/ Meena H. Allen
MEENA H. ALLEN
*Attorney for Defendant*
6121 Indian School Road, NE, Suite 230
Albuquerque, New Mexico 87110
(505) 298-9400

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 31st day of July, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Robert C. Gutierrez
Will Ferguson & Associates
10090 Coors Blvd NW Ste A
Albuquerque, NM 87114-3301


/s/ Meena H. Allen
Meena H. Allen